UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

HAROLD ROBERT KOERBER, )
                               Plaintiff, )
)
vs. ) No.:
)
TENNESSEE TRAILERS, INC. and )
THOMAS C. BURGER, )
)
                              Defendant. )

## COMPLAINT

Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), Plaintiff files this lawsuit against Defendants and alleges the following:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

2. Defendant Tennessee Trailers, Inc. (Tennessee Trailers) is a corporation incorporated under the laws of Tennessee. Its principal address is 11297 Wall Street, Soddy Daisy, Tennessee, 37379. Its registered agent for service of process is Thomas C. Burger, 11297 Wall Street, Soddy Daisy, Tennessee, 37379.

3. Defendant Tennessee Trailers manufactures and sells marine trailers and other products, which it delivers to customers in numerous states throughout the United States.

4. Defendant Thomas C. Burger is a shareholder of and is the President and Chief Executive Officer of Tennessee Trailers. Defendant Burger has operational control of Tennessee Trailers and makes decisions concerning how employees are compensated.

5. Plaintiff was employed by Defendant Tennessee Trailers from approximately

2013 through August of 2018.

6. While Plaintiff was employed by Tennessee Trailers, he worked as a driver and drove trucks in which he transported Defendant's products to customers in various states. Plaintiff routinely drove vehicles that had a Gross Vehicle Weight Rating (GVWR) of less than 10,001 pounds and had a capacity for fewer than nine passengers.

7. During most of Plaintiff's employment with Tennessee Trailers, Defendant paid Plaintiff an hourly rate of pay for the hours he worked each week. During approximately the last two months of his employment, Defendant paid Plaintiff a trip rate of 30 cents per mile for each mile he drove while delivering products.

8. While Plaintiff was employed by Tennessee Trailers, he routinely worked overtime hours of more than 40 per workweek for which he was not paid overtime compensation of one and one-half times his regular rate of pay.

9. Rather than pay Plaintiff overtime wages, Defendant Tennessee Trailers paid Plaintiff his regular rate of pay, or "straight time," for overtime hours worked. During the period when Plaintiff was paid a trip rate, Defendant paid Plaintiff the trip rate regardless of how many hours Plaintiff worked.

10. Each Defendant was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

11. Plaintiff was an "employee" of each Defendant as defined by Section 203(e)(1) of the FLSA.

12. While Plaintiff was employed by Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce as defined by Sections 207(a)(1) and 203(b) of the FLSA.

13. Defendant Tennessee Trailers was an enterprise engaged in commerce or in the

production of goods for commerce as defined by Section 203(s)(1) of the FLSA. Defendant had annual gross volume of sales which exceeded $500,000.00.

14. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendants.

15. While Plaintiff was employed by Defendants, he was entitled to overtime wages at a rate of one and one-half times his regular rate of pay for hours worked over 40 in a given workweek.

16. Defendants' failure to pay Plaintiff overtime wages of one and one-half times his regular rate of pay for all overtime hours worked was a violation of Section 207 of the FLSA.

17. Defendants' violation of Section 207 of the FLSA was willful. Specifically, Defendants were well aware of their obligation to pay Plaintiff overtime wages pursuant to the FLSA, or recklessly disregarded their legal obligation.

18. As a result of Defendants' failure to comply with Section 207 of the FLSA, Defendants are liable to Plaintiff for overtime back pay.

19. In addition to the amount of unpaid overtime wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

20. Plaintiff is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff prays for a judgment for damages against Defendants that include the following:

(a) Overtime back pay;

(b) Liquidated damages in an amount equal to his overtime back pay;

(c) Interest;

(d) Reasonable attorney's fees;

(e) The costs and expenses of this action; and

(f) All further general legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr., #13839
4525 Harding Road, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

John McCown, GA Bar #486002
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com

Attorneys for Plaintiff